**LAW OFFICE OF CLIFFORD D. SWIFT III**
BY: Clifford D. Swift III

P.O. Box 9030
Lancaster, PA 17604-9030          *Attorney for Plaintiff*
(223) 529-6901
Fax (717) 222-5566
Email: cswift@cdswiftlaw.com


**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| GREGORY M. STEIN<br>2465 Black Forest Drive<br>Coplay, PA 18037 | :<br>:<br>: |
| | :   CIVIL ACTION<br>: |
| v. | :   No.<br>: |
| THE PRUDENTIAL INSURANCE<br>COMPANY OF AMERICA<br>751 Broad Street<br>Newark, NJ 07102 | :   **ERISA- JURY TRIAL IS**<br>:   **NOT REQUESTED**<br>:<br>: |
| And | :<br>: |
| BUCKEYE PIPE LINE SERVICES COMPANY<br>4200 Westheimer Road<br>#975<br>Houston, TX 77027 | :<br>:<br>:<br>: |

**COMPLAINT**

**I. Jurisdictional Statement**

1.      Gregory M. Stein's claim for Long Term Disability Benefits relates to an "employee welfare benefit plan" as defined by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.* The subject Group Long Term Disability Plan of the Buckeye Pipe Line Services Company ("Buckeye"), his employer, constitutes a plan under ERISA.  Plaintiff

alleges that this Court's jurisdiction is additionally invoked pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e) and (f).

2.     Gregory M. Stein's claim for Short Term Disability Benefits relates to his employer's salary continuation plan which is "a payroll practice" exempted by ERISA by 29 C.F.R. § 2510.3-1(b)(2).  Plaintiff invokes the Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) over the claim for breach of contract and for declaratory judgment brought against Buckeye's Short Term Disability plan which Mr. Stein believes is a self-funded salary continuation plan exempted by ERISA.

3.     Venue under the Short Term Disability Plan is proper under 29 U.S.C. § 1391(b) because such action may be brought where (1) the plan is administered, (2) where the breach took place, or (3) where the Defendant resides or may be found.

4.     At all times relevant herein, and for a significant period of time prior thereto, Mr. Stein was an Manager of IT Infrastructure Services, employed by Buckeye, and as such has standing to bring this action under ERISA, 29 U.S.C. § 1132(a).  He is a vested "participant" in the group Long Term Disability Plan within the meaning of 29 U.S.C. § 1002(2)(7).

5.     Venue under the group Long Term Disability Plan is proper under ERISA, 29 U.S.C. § 1132(e)(2) and 28 U.S.C. § 1391(b) because such action may be brought where (1) the plan is administered, (2) where the breach took place, or (3) where the Defendant resides or may be found.

6.     Venue is proper in the Eastern District of Pennsylvania.  29 U.S.C. 1132(e)(2), 28 U.S.C. § 1391.

## II. <u>Nature of Action</u>

7.     This is a claim for an award to Plaintiff of Short Term Disability Insurance Benefits pursuant to an employer salary continuation plan which is "a payroll practice" exempted from

2

ERISA by 29 C.F.R. § 2510.3-1(b)(2) which the Prudential Insurance Company of America ("Prudential") provides claims administration services to the Short Term Disability Benefit Plan ("STD Plan").

8. This is a claim for an award to Plaintiff of Long Term Disability Insurance Benefits pursuant to a policy of insurance underwritten by Prudential to fund and provide claims administration services to the Long Term Disability Benefits Plan ("LTD Plan") to employees of Buckeye.

### III. The Parties

9. Plaintiff, Gregory M. Stein ("Mr. Stein"), is an adult individual who is a citizen of the Commonwealth of Pennsylvania, County of Lehigh, residing at 2465 Black Forest Drive, Coplay, PA 18037.

10. At all times relevant, Mr. Stein was a Manager of IT Infrastructure Services employed by the policyholder, Buckeye.  Mr. Stein's last day of work for Buckeye was June 30, 2023.

11. The Prudential Insurance Company of America ("Prudential") is a part of Prudential Financial, Inc. and its subsidiary companies whose principal place of business and headquarters is located in the State of New Jersey, County of Essex, at 751 Broad Street, Newark, New Jersey 07102.

12. Buckeye is a pipeline and energy infrastructure company and distributor of petroleum in the East and Midwest areas of the United States.

13. Buckeye is a domestic business corporation that is registered with the Commonwealth of Pennsylvania with a principal place of business located at 4200 Westheimer Road, Suite 975, Houston, Texas 77027-4428.

14.    The agent for service of legal process for Buckeye is Buckeye Pipe Line Services Company, Attention: Human Resources Department, One Greenway Plaza, Suite 600, Houston, Texas 77046, which is located in Harris County, Texas.

15.    At all times relevant hereto, the LTD Plan constitutes an "employee welfare benefit plan" as defined by 29 U.S.C. § 1002(1); and incident to his employment, Mr. Stein received coverage under the LTD Plan as a "participant" as defined by 29 U.S.C. § 1002(7).

16.    At all times relevant, Prudential was a fiduciary of the Long Term Disability Plan within the meaning of ERISA § 3 (21), 29 U.S.C. § 1002(21)(A) in that Prudential was appointed by the LTD Plan as Claims Administrator for the Plan as a "named fiduciary" and exercised authority and control over the payment of Long Term Disability benefits, which are Plan assets.

17.    Buckeye is also the "appropriate named fiduciary" of the Long Term Disability Plan as described in 29 C.F.R. § 2560.503-1(g)(2), and therefore functioned as the Long Term Disability Plan Sponsor and Plan Administrator for claims procedure proposes.

## IV. Policies

18.    Buckeye sponsored Group Short Term Disability ("STD") Insurance coverage to employees of Buckeye, Plan No. 501, which appears to be an employer salary continuation plan, which is "a payroll practice" exempted from ERISA by 29 C.F.R. § 2510.3-1(b)(2). That Policy provides a weekly benefit of 100% of a covered employee's Pre-Disability Earnings for 26 weeks. The Policy contains a 3 day Elimination Period.  **Attached as Plaintiff's Exhibit 1.**

19.    The benefits provided under the STD Plan are provided and funded by Buckeye.

20.    According to the STD Plan, Prudential was appointed by Buckeye as the Claims Administrator and is responsible for determining disability status based on the medical information provided.

4

21.     According to the STD Plan *You are disabled when: You are unable to perform the material and substantial duties of your regular occupation due to your sickness or injury; you are under the regular care of a doctor, and you have a 20% or more loss in weekly earnings due to the same sickness or injury.*

22.     Mr. Stein's pre-disability earnings were $142,022.00 annually or $2,731.19 weekly.

23.     Mr. Stein is therefore entitled to a gross weekly STD benefit of $2,731.19 for 26 weeks or $71,011.00.

24.     Mr. Stein was approved and received STD benefits for the period from July 6, 2023 through September 27, 2023.

25.     On January 1, 2024, Prudential issued Group Long Term Disability ("LTD") Insurance coverage to STG, Policy No. G-52616-TX. That Policy provides a monthly benefit of 60% of a covered employee's Pre-Disability Earnings up to a maximum of $15,000.00 per month. The Policy contains a 180 day Elimination Period and provides monthly benefits to the Covered Employee's Social Security Normal Retirement Age ("SSNRA").  In the case of Mr. Stein, the SSNRA year being 2036.  **Attached as Plaintiff's Exhibit 2.**

26.     According to the LTD Policy *"Disability"* means *"You are unable to perform the material and substantial duties of Your Regular Occupation due to your Sickness or Injury; and you are under the Regular Care of a Doctor; and you have a 20% loss of monthly earnings due to that sickness or injury."*

27.     After 24 months of payments, "Disability" means *You are unable to perform the duties of any gainful occupation for which you are reasonably fitted by education, training and experience; and you are under the Regular Care of a Doctor;*

28.     The Policy contains a limited pay period of 24 months for mental illness.

29. Mr. Stein is therefore entitled to a gross monthly LTD benefit of $7,101.10, less deductible sources of income.

### V. Failure to Pay Benefits Due Under the Short Term and Long Term Disability Plans
### I. The Disability Claim – Extensive Medical History

30. Mr. Stein suffers from anxiety, depression, tightness in his chest and raised blood pressure.

31. On June 22, 2023, Mr. Stein was examined by Gary Pryblick, DO, who noted increased stress and anxiety due to current work situation and decreased concentration.

32. On September 27, 2023, Mr. Stein was examined by Gary Pryblick, DO, who noted that Mr. Stein was "anxious as always" and it was also noted that Mr. Stein's blood pressure was 140/84.

33. On September 27, 2023, Gary Pryblick, DO, completed a Certification of Health Care Provider in which he listed Mr. Stein's diagnoses as Z56.6 (mental strain related to work) and F419 (anxiety disorder). Dr. Pryblick indicated that Mr. Stein has hypertension and increased stress due to current work situation and that he is unable to return to work.

34. On April 8, 2025, Mr. Stein was examined by Danielle Garzillo, CRNP. CRNP Garzillo diagnosed Mr. Stein with essential hypertension, diabetes mellitus, mixed hyperlipidemia and anxiety. CRNP Garzillo prescribed Atarax 25mg for anxiety.

35. On April 11, 2024, Mr. Stein was examined by Judith Pryblick, DO, who noted that Mr. stein's blood pressure was not at goal and that he can start Atarax for anxiety. Dr. Pryblick also recommended therapy to help Mr. Stein with coping strategies.

36. On April 29, 2025, Mr. Stein was examined by Danielle Garzillo, CRNP. CRNP Garzillo diagnosed Mr. Stein with essential hypertension, diabetes mellitus and mixed hyperlipidemia and prescribed Atarax 25mg for anxiety.

37. On August 8, 2024, Mr. Stein was examined by Danielle Garzillo, CRNP. CRNP Garzillo diagnosed Mr. Stein with essential hypertension, diabetes mellitus and mixed hyperlipidemia.

38. On November 14, 2024, Mr. Stein was examined by Danielle Garzillo, CRNP. CRNP Garzillo prescribed Atarax 25mg for anxiety.

39. On January 6, 2025, Danielle Garzillo, CRNP, signed a statement indicating that Mr. Stein was still struggling with anxiety and stress while out of work and that his blood pressure medication, amlodipine, had to be increased from 5mg. to 10 mg.

40. On January 27, 2025, Mr. Stein was examined by Danielle Garzillo, CRNP. CRNP Garzillo prescribed Atarax 25mg for anxiety.

41. On February 14, 2025, Mr. Stein was examined by Danielle Garzillo, CRNP. CRNP Garzillo diagnosed Mr. Stein with essential hypertension, diabetes mellitus and mixed hyperlipidemia. It was noted that Mr. Stein's diabetes mellitus had worsened.

42. On November 13, 2025, Danielle Garzillo, CRNP, signed a statement indicating that she strongly believed that Mr. Stein was unable to return to work due to anxiety.

## VI. The Disability Claim – Claim for STD and LTD Benefits

43. Prior to June 30, 2023, Mr. Stein was a Manager of IT Infrastructure Services at Buckeye.

44. On or about July 3, 2023, Mr. Stein applied for a leave of absence and short term disability due an inability to perform the material and substantial duties of his Regular Occupation due to symptoms of anxiety and depression, hypertension and chest tightness.

45. By letter dated July 7, 2023, Prudential notified Mr. Stein that his leave of absence had been approved from July 13, 2023 through September 18, 2023. Prudential denied Mr. Stein's leave of absence for the period from September 25, 2023 through January 1, 2024.

46. By this same letter dated July 7, 2023, Prudential notified Mr. Stein that Prudential had denied his claim for STD benefits because his sickness or injury was excluded from coverage as an occupational sickness or injury and he would therefore be required to apply for workers' compensation benefits.

47. On or about May 24, 2024, Mr. Stein applied for LTD benefits due an inability to perform the material and substantial duties of his Regular Occupation due to symptoms of anxiety and depression, hypertension and chest tightness.

48. By letter dated January 13, 2025, Prudential denied Mr. Stein's claim for LTD benefits.

### VII. The Disability Claim – Appeal of the Denial of STD and LTD Benefits

49. Mr. Stein filed a *pro se* appeal of Prudential's decision to deny STD benefits.

50. On or about September 5, 2023, Mr. Stein was denied workers' compensation benefits.

51. On September 15, 2023, Prudential completed a SOAP Note indicating that the Behavioral Health information on file supports Mr. Stein's inability to work through September 27, 2023 to allow time for medication adjustment.

52. By letter dated September 15, 2023, Prudential overturned its prior decision denying STD benefits and approved STD benefits for the period from July 6, 2023 through September 27, 2023.

53. By letter dated October 24, 2023, Prudential denied Mr. Stein STD benefits for the period from September 28, 2023 through January 4, 2024.

54. On or about May 24, 2024, Mr. Stein filed an administrative appeal of Prudential's denial of STD benefits.

55. By letter dated September 12, 2024, Buckeye advised Mr. Stein that his appeal of the denial of STD benefits has been denied and that the denial of the claim communicated to Mr. Stein on October 24, 2023 had been upheld.

56.    On or about July 11, 2025, Mr. Stein filed an administrative appeal of Prudential's January 13, 2025 decision to deny LTD benefits.

57.    In the appeal, Mr. Stein argued that he was disabled, which was evidenced by the fact that he suffered from the disabling symptoms of anxiety and depression which was supported by the medical records and statements of his treating physicians.

58.    On October 28, 2025, Prudential had a Peer Review conducted by John P. Shallcross, Psy.D, who found that Mr. Stein does not have any medically necessary restrictions or limitations.

59.    On October 28, 2025, Prudential had a Peer Review conducted by Laurie J. Pierce, MD, MPH, who found that the medical records do not reflect that there is a medical necessity for any restrictions and/or limitations from the physical conditions of hypertension and possible diabetes from July 3, 2023 forward.

60.    Prudential and Buckeye conducted only a paper review of Mr. Stein's claim for STD and LTD benefits and failed to have Mr. Stein examined by a medical professional appropriate to review the conditions that formed the basis of his disabling conditions.

61.    Prudential and Buckeye cherry picked amongst the medical records provided by ignoring those medical records and reports supporting Mr. Stein's ongoing disability.

62.    Prudential denied STD benefits to Mr. Stein after September 27, 2023, even though it had previously granted STD benefits for the period July 6, 2023 through September 27, 2023 and Mr. Stein's condition had not changed or improved.

63.    By letter dated December 2, 2025, Prudential notified Mr. Stein that it was upholding its decision to deny LTD benefits and indicated that Mr. Stein had until December 2, 2028 to file a lawsuit.

64.    In accordance with ERISA, Mr. Stein has exhausted all of his administrative remedies.

**COUNT I. – FIRST CAUSE OF ACTION**
**AGAINST BUCKEYE PIPE LINE SERVICES COMPANY. and PRUDENTIAL**
**INSURANCE COMPANY OF AMERICA – STD PLAN**
**[FOR DECLARATORY RELIEF PURSUANT TO FED.R.CIV. PR 57]**

65.    Paragraphs 1 through 64  are incorporated herein by reference as if fully set forth at length.

66.    An actual controversy exists between Mr. Stein and Defendants Buckeye and Prudential arising out of the events alleged herein above.  Mr. Stein contends that Defendants Buckeye and Prudential have no legal basis for denying STD benefits, which have been wrongfully withheld.

67.    Mr. Stein contends that the denial of STD benefits is a breach of the Group Short Term Plan; the practices of the Defendants Buckeye and Prudential should be estopped on the basis of equity; that the practices of Defendants Buckeye and Prudential are arbitrary and capricious and are barred as a matter of law.

68.    Mr. Stein contends that Defendants Buckeye and Prudential have denied him a "full and fair review" of all of his records submitted by failing to consider information directly related to his STD claim, minimized and/or failed to review or consider the findings of his treatment providers that he is disabled in order to wrongfully withhold STD benefits.

69.    Mr. Stein contends that the decision to deny STD benefits and deny his appeal was wrongful, unreasonable, irrational, arbitrary and capricious, solely contrary to the evidence and contrary to the terms of the STD Plan and the law and an abuse of discretion.

**COUNT II – SECOND CAUSE OF ACTION**
**AGAINST BUCKEYE PIPE LINE SERVICES COMPANY and PRUDENTIAL**
**INSURANCE COMPANY OF AMERICA – STD PLAN**
**[FOR RECOVERY OF STD PLAN BENEFITS – BREACH OF CONTRACT]**

70.    Paragraphs 1 through 69 are incorporated herein by reference as if fully set forth at length.

71.    Defendants Buckeye and Prudential wrongfully denied STD benefits based on an unfair, incomplete, arbitrary and capricious review of Mr. Stein's medical records and information.

10

72.    Mr. Stein contends that in denying STD benefits, Defendants Buckeye and Prudential disregarded substantial evidence, including medical records and other medical reports.

73.    Under the terms of the Group STD Plan, Defendants Buckeye and Prudential unreasonably breached their promise to provide Mr. Stein with certain STD benefits.  To date, Defendants have failed to honor this promise and continue to refuse to pay Mr. Stein all benefits to which he is rightfully entitled.

74.    Mr. Stein has satisfied all conditions precedent under the Group STD Plan and is thus eligible to receive STD benefits.

75.    Mr. Stein has not waived or otherwise relinquished his entitlement to benefits under the Group STD Plan.

76.    Mr. Stein seeks reimbursement and compensation for any and all benefits he should have received from the date of his disability, through the present and beyond.

77.    Defendants breached their obligations to provide Mr. Stein benefits even though his benefits are covered under the terms of the Group STD Plan.

78.    As a direct and proximate result of the aforementioned conduct of the Defendants Buckeye and Prudential in failing to pay benefits to Mr. Stein, he has been damaged in an amount equal to the amount of benefits to which he is entitled under the terms of the Group STD Plan.

**COUNT III. – THIRD CAUSE OF ACTION**
**AGAINST PRUDENTIAL INSURANCE COMPANY OF AMERICA-LTD PLAN**
**[FOR DECLARATORY RELIEF PURSUANT TO 29 U.S.C. § 1132(a)(1)(b)]**

79.    Paragraphs 1 through  78 are incorporated herein by reference as if fully set forth at length.

80.    An actual controversy exists between Mr. Stein and Defendant Prudential arising out of the events alleged herein above.  Mr. Stein contends that Defendant Prudential has no legal basis for denying LTD benefits, which have been wrongfully withheld.

81.     Mr. Stein contends that the denial of LTD benefits is a breach of the Group Long Term Plan; the practices of Defendant Prudential should be estopped on the basis of equity; that the practices of Defendant Prudential are arbitrary and capricious and are barred as a matter of law.

82.     Mr. Stein contends that Defendant Prudential has denied him a "full and fair review" of all of his records submitted by failing to consider information directly related to his LTD claim, minimized and/or failed to review or consider the findings of his treatment providers that he is disabled in order to wrongfully withhold LTD benefits.

83.     Mr. Stein contends that the decision to deny LTD benefits and deny his appeal was wrongful, unreasonable, irrational, arbitrary and capricious, solely contrary to the evidence and contrary to the terms of the LTD Policy and the law and an abuse of discretion.

## COUNT IV – FOURTH CAUSE OF ACTION
## AGAINST PRUDENTIAL INSURANCE COMPANY OF AMERICA
## [FOR RECOVERY OF LTD PLAN BENEFITS PURSUANT TO 29 U.S.C. § 1132(a)(1)(B)]

84.     Paragraphs 1 through 83 are incorporated herein by reference as if fully set forth at length.

85.     Defendant Prudential wrongfully denied LTD benefits based on an unfair, incomplete, arbitrary and capricious review of Mr. Stein's medical information.

86.     Under the terms of the Group LTD Plan, Defendant Prudential unreasonably breached its promise to provide Mr. Stein with certain LTD benefits. To date, the Defendant has failed to honor this promise and continues to refuse to pay Mr. Stein all benefits to which he is rightfully entitled.

87.     Mr. Stein has satisfied all conditions precedent under the Group LTD Plan and is thus eligible to receive LTD benefits for the period from the end of the STD period until the present and beyond.

88.     Mr. Stein has not waived or otherwise relinquished his entitlement to benefits under the Group LTD Plan.

12

89.    Mr. Stein seeks reimbursement and compensation for any and all benefits he should have received under the Group LTD Plan.

90.    Defendant Prudential breached its obligations under ERISA to provide Mr. Stein benefits even though his benefits are covered under the terms of the Group LTD Plan.

91.    As a direct and proximate result of the aforementioned conduct of the Defendant Prudential in failing to pay benefits to Mr. Stein, he has been damaged in an amount equal to the amount of benefits to which he is entitled under the terms of the LTD Plan.

**WHEREFORE**, Plaintiff Gregory M. Stein prays for judgment as follows:

A.    On Counts I and III:

1.    A declaration that Mr. Stein is disabled and entitled to the payment of benefits under the Group STD and LTD Plans;

2.    A declaration that Defendants are hereinafter estopped from wrongfully denying Mr. Stein benefits under the Group STD and LTD Plans without a legal basis to do so;

3.    A declaration that Defendants are hereinafter estopped from denying Mr. Stein's benefits as a denial of such benefits is a breach of the Group STD and LTD Plans;

4.    A declaration that Defendants are hereinafter estopped on the basis of equity from continuing to deny disability benefits wrongfully withheld from Mr. Stein;

5.    A declaration that Defendants are hereinafter estopped from wrongfully denying benefits to Mr. Stein contrary to clear, compelling and substantial medical and functional evidence;

6.    Mr. Stein requests the payment of reasonable attorney fees, costs and interest; and

7.    Mr. Stein requests such other and further relief as the Court deems appropriate.

B.    On Count II and IV:

13

1.    Plaintiff seeks a declaration of Mr. Stein's right to benefits under the terms of the Group STD and LTD Plans;

2.    Payment of all past benefits due Mr. Stein under the terms of the Group STD and LTD Plans, with an award of pre-judgment interest;

3.    Mr. Stein requests the payment of reasonable attorney fees, costs and interest; and

4.    Mr. Stein requests such other and further relief as the Court deems appropriate.

Respectfully submitted,

_____
Clifford D. Swift III (Attorney ID 66284)

Law Office of Clifford D. Swift III
P.O. Box 9030
Lancaster, PA 17604-9030
Ph. (223) 529-6801
Fx. (717) 222-5566
Email: cswift@cdswiftlaw.com

**Attorney for Plaintiff**
**Gregory M. Stein**

Date:    June 30, 2026                    **ERISA JURY TRIAL NOT DEMANDED**

14